UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA D. WILLIAMS-CLARKE,

                Plaintiff,

-against-

NEW YORK COLLEGE OF PODIATRIC
MEDICINE; FOOT CENTER OF NEW YORK,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2020

20-CV-8627 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

Plaintiff brings this action *pro se*, asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. The Court liberally construes the complaint as also asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff alleges that her employer discriminated against her and retaliated against her for filing a discrimination charge. By order dated October 16, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York College of Podiatric Medicine and the Foot Center of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.[1] The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants

---

[1] Plaintiff has consented to electronic service of documents. (ECF No. 3.)

New York College of Podiatric Medicine and the Foot Center of New York and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: 10/19/20
New York, New York

_____
JOHN G. KOELTL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. New York College of Podiatric Medicine
   53 124th Street
   New York, NY

2. Foot Center of New York
   55 124th Street
   New York, NY